IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHELIOUS FORAKER, JESSIE PASSFUMA, LINDA WIGGINS, and MICHAEL GRIBLIN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>HIGHPOINT SOUTHWEST SERVICES, L.P.<br><br>Defendant. | § § § § § § § § § § § § § § § | CIVIL ACTION NO. 4:06-cv-01856 |

## DEFENDANT HIGHPOINT SOUTHWEST SERVICES, L.P.'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT WITH REGARD TO PLAINTIFF LAURA KELLEY

*TO THE HONORABLE U.S. DISTRICT JUDGE ATLAS:*

NOW COMES Defendant Highpoint Southwest Services, L.P. ("Highpoint") and files this Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment as to the individual claims of Plaintiff Laura Kelley and would show as follows:

1. The facts iterated by HPSW in its Motion have not been disputed by Plaintiff Laura Kelley ("Plaintiff" or "Kelley").

2. Thus, it is *not* in dispute that Kelly:

(a) came to HPSW from a background in sales;

(b) balanced customers in over 24 stores, including Home Depot and retail customers, by doing customer service;

(c) represented HPSW in order to boost its merchandise image and make plants sell better;

(d) supervised four employees;

(e) was herself almost never supervised and had to exercise superior time-management;

(f) had responsibility for three states;

(g) did inventory;

(h) kept three parties (HPSW, Home Depot and vendors) happy;

(i) negotiated with vendors;

(j) had total autonomy over her own schedule, which she structured according to sales/delivery timetables;

(k) set up her direct reports' schedules via e-mail, did special reports;

(l) could set up her stores however she wanted;

(m) conferred with other managers;

(n) did not unload merchandise;

(o) used her judgment constantly;

(p) decided her priorities;

(q) put up special sales signs;

(r) suggested product variety;

(s) had promotional ideas;

(t) used her imagination to create displays;

(u) often used a Home Depot computer;

(v) had input into hiring and firing and judged qualifications; and

(w) is not even sure if she is owed overtime. *See, paragraphs 4 (a)-(z), 5, 6, and 7 of the Motion.*

3. Clearly, Kelley's primary duty was management. She managed her department. She regularly directed the work of four employees, which exceeds the "two

or more" threshold at 29 C.F.R. § 541.104(a). She exercised discretion constantly. "Constant" discretion is not even required. *See*, 29 C.F.R. § 541.107(b).

4. She had the ability to suggest or recommend hiring, firing, or other changes in status. *See, Motion, at Exhibit A at page 59, lines 10-23.* It was her decision as to whether someone "fit." *Id. at page 60, lines 15-16.* This suffices to qualify for the executive exemption—recommendations need only be influential, *not controlling. Phillips v. Federal Cartridge Corp.*, 69 F.Supp. 522 (D.C. Minn.).

5. If Plaintiffs as a class are telling the truth that they usually worked more than forty hours, and for purposes of this Motion and only for this Motion, HPSW assumes *arguendo* that "reps" worked 40 hours a week or more, Kelley's four direct reports would easily have exceeded 80 hours cumulatively, satisfying the Department of Labor's definition of full-time.

6. Kelley herself cannot pin down when each of her four direct reports started for HPSW—a month is used merely as a conservative figure.

7. However, during the portion of time during which Kelley was a lead (Kelley admits she became a Lead Rep at page 51 of Exhibit A to the Motion), management was a custom and it was regular. Plaintiffs' counsel does not produce any counter-affidavit by Kelley about the "extent" of her supervision. Thus, all we have is her testimony that she was a Lead, she led, she supervised, she scheduled, she had input into hiring, and she trained her direct reports.

8. It is hardly "sporadic" or "one-time" to use her e-mail account at HPSW to "get information…when I was a lead, I had to send them the hours and stuff of the employees…I just had to show that these people worked, and I had to e-mail it to my

DM." *Exhibit A to the Motion, at page 67, lines 7-9 and 20-21.* Kelley had responsibility for approximately 24 stores, and she named Steve, Diane, Sue and Matt as direct reports. "When I was a lead, I had to do a tracking thing...I had to go on the computer and let them know when we got deliveries for certain vendors, and ... what hours people worked, what stores were visited." *Exhibit A to Motion, at page 100, lines 23-25 and page 101, lines 1-3.*

9. Kelley has given HPSW the "affirmative" evidence that she customarily and regularly supervised two or more full time employees. She was their "go-to person." *Id. at page 28, lines 22-25.*

10. When asked, "When you were a lead, how many stores did you have responsibility over," she answered that her region was the "greater St. Louis metropolitan area." *Exhibit A to Motion, at page 79, lines 8-18.* This is a customarily recognized region or division in HPSW. A "unit" need not be physically located within HPSW's establishment; it may move from place to place. *See,* 29 C.F.R. § 541.104.

11. The testimony of Cary Ballas is referred to by Kelley in order to defeat this Motion. However, Mr. Ballas had no knowledge of Kelley in particular. Her claim must rise or fall (HPSW submits it must fall) on its own merits.

12. The parties agree (indeed, they have stipulated) that District Managers (DM) are not part of this class, and to the extent any rep was for a time a DM, that part of his or her employment is exempt. Kelley was a "lead." This is a more difficult classification. It is not clear that Kelley has shown she was *ever* not a lead or *ever* a "merchandiser/rep" without lead responsibilities.

13. Plaintiffs may argue that it is HPSW's burden to show that a "rep" was exempt, and this appears to be a tautology, but it is every Plaintiff's burden to show, when it is refuted (as here) that they actually belong in this class and were not akin to a DM.

14. Plaintiffs appeal to the expertise of Oran Clemons, HPSW's expert witness (whom they seek to exclude as well), for the proposition that Kelley is not an executive. However, Mr. Clemons was not asked about Kelley in particular. The courts are to rely primarily on the employee's own recollections in FLSA cases. *Mumbower v. Callicott*, 526 F.2d 1183 (8th Cir. 1975).

15. The bottom line is that Plaintiff Kelley cannot dispute her own testimony that shows she acted routinely as a lead, a supervisor, a leader, and an outside salesperson. She

    (a)    trained and selected her employees;

    (b)    directed her employees' work;

    (c)    set hours of work for her direct reports;

    (d)    planned work for them;

    (e)    appraised employees;

    (f)    created records of work by her employees;

    (g)    handled questions by her employees and;

    (h)    apportioned work (in the form of setting arrival times and places).

*See*. 29 C.F.R. § 541.102(b). HPSW is allowed to rely on Kelley's own admissions. *See, Hartman v. Arlington County*, 720 F.Supp. 1227 (E.D. Va. 1989).

16. Even if Kelley had performed some manual labor (her testimony did not reveal any such fact), an "executive" can do so without becoming non-exempt. *See, Wainscoat v. Reynolds Elec. & Eng. Co.*, 471 F.2d 1157 (9th Cir. 1973).

17. Kelley has not negated HPSW's showing and argument that she is exempt as an outside salesperson, either.

18. Thus, HPSW is entitled to summary judgment on all of Kelley's claims.

**WHEREFORE, PREMISES CONSIDERED**, Defendant respectfully requests that the Court grant this Motion for Summary Judgment with Regard to Plaintiff Laura Kelley and such other and further relief, either at law or equity, to which Defendant may show itself justly entitled.

Respectfully submitted,

/s/ Harold D. Jones

Harold D. Jones
ATTORNEY-IN-CHARGE
SD Bar No. 585536
Texas Bar No. 10894020
R. Scott Anderson
SD Bar No. 39108
Texas Bar No. 01210045
Jessica R. Brown
SD Bar No. 587176
Texas Bar No. 24048975
ANDERSON & JONES, PLLC
One Galleria Tower
13355 Noel Road, Suite 1645
Dallas, Texas 75240
Telephone: (972) 789-1160
Facsimile: (972) 789-1606

**ATTORNEYS FOR DEFENDANT HIGHPOINT SOUTHWEST SERVICES, L.P.**

## CERTIFICATE OF SERVICE

I certify that on June 8, 2007, a copy of forgoing instrument was forwarded to the following parties pursuant to the FEDERAL RULES OF CIVIL PROCEDURE via e-filing:

Richard J. Burch
Michael K. Burke
Bruckner Burch PLLC
1000 Louisiana, Suite 1300
Houston, Texas 77002

HAROLD D. JONES